# COLLECTIVE EXHIBIT A



IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
AT GALLATIN

FILED
12:00 PM
JUL 1 3 2015
CIRCUIT COURT CLERK
BY _____ ccb D.C.

| | |
|---|---|
| TAMMY BARATI and DUANE HAYWARD, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Docket No.:<br>) JURY DEMAND (12)<br>) 83-CC1-2015-CV-762 |
| TRINITY CHRISTIAN CENTER OF SANTA ANA, INC. d/b/a TRINITY BROADCASTING NETWORK, INC. | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Come now the Plaintiffs, by and through undersigned counsel, and would respectfully submit to the Court the following Complaint:

1. The Plaintiff Tammy Barati (hereinafter "Plaintiff Barati") is a resident of the State of Tennessee, residing in Hendersonville, Sumner County, Tennessee.

2. The Plaintiff Duane Hayward (hereinafter "Plaintiff Hayward") is a resident of the State of Tennessee, residing in Hendersonville, Sumner County, Tennessee.

3. The Defendant Trinity Christian Center of Santa Ana, Inc. d/b/a Trinity Broadcasting Network. Inc., (hereinafter "Defendant Trinity") is a Foreign Corporation authorized to be and doing business in Tennessee with its principal place of business being at 2442 Michelle Drive, Tustin, CA 92780-7015. The Defendant Trinity can be served through their registered agent for service of process Becky Bustin at 1 Music Village Blvd., Hendersonville, TN 37075-2724.

4. This Court has jurisdiction in this matter as the events giving rise to this matter took place in Hendersonville, Sumner County Tennessee at Defendant Trinity's facility located at 1 Music Village Blvd., Hendersonville, TN 37075-2724.

5. At all times relevant to this matter, the Plaintiff Barati was employed by the Defendant Trinity as an audience coordinator.

6. At all times relevant to this matter, the Plaintiff Hayward was employed by the Defendant Trinity as a facilities supervisor.

7. On January 25, 2013, a member of the cleaning staff who attended to the Defendant's premises, Ms. Rodriguez-Lopez, slipped and fell on ice and broke her ankle.

8. On or about January 25, 2013, the Plaintiff Barati arrived at the facility to work and saw Ms. Lopez crying and lying on the ground because she slipped and fell on ice in the parking lot of the Defendant's Hendersonville facility.

9. During all relevant times, Plaintiff Hayward was responsible for tending to Defendant Trinity's premises, including but not limited to, de-icing the sidewalks and walkways entering the buildings. The prior night, on or about January 24, 2013, Plaintiff Hayward had put ice melt on the area where Ms. Rodriguez-Lopez fell.

10. On January 25, 2013, Plaintiff Hayward arrived shortly after Ms. Rodriguez-Lopez fell and continued to try and de-ice the relevant areas on the property throughout the day.

11. Ms. Rodriguez-Lopez sought workers compensation benefits from her employer, and filed a premises liability lawsuit against Defendant Trinity.

12. On or about May of 2014, the Plaintiffs were noticed by counsel for the injured worker, Ms. Rodriguez-Lopez, to give testimony by deposition on July 28, 2014

in the lawsuit filed against the Defendant Trinity as a result of the January, 2013 slip and fall.

13. On July 28, 2014, the Plaintiffs provided testimony that was true and accurate, but did not reflect favorably on the Defendant Trinity and their maintenance of the parking lot at the time of the individual's fall.

14. Approximately one month later, the transcript of the depositions given by the Plaintiffs was provided to counsel for the Defendant Trinity in the matter.

15. Shortly thereafter, on or about August 29, 2014, the Plaintiffs were notified that their employment was being terminated.

16. When Plaintiff Barati inquired about the reason for her termination, she was told that the Defendant did not have to provide a reason.

17. Plaintiff Hayward was told he was being terminated due to a workforce reduction. However, Plaintiffs assert this reason is merely pre-textual as Plaintiff Hayward's position was filled by a new employee within one week of his termination.

18. Plaintiffs assert their termination was illegal and violated Tennessee public policy and/or statutes.

I. WORKERS COMPENSATION RETALIATION

19. Plaintiffs restate and incorporate herein the allegations in paragraphs 1-18 above.

20. At all times pertinent to this action, Plaintiffs were "employees" within the meaning of common law.

21. At all times pertinent to this action, the Defendant Trinity was an "employer" within the meaning of common law.

22. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

23. Plaintiffs submit that (1) they had an employment-at-will relationship with the Defendant Trinity; (2) Plaintiffs were discharged on or about August 29, 2014; (3) the reason for Plaintiffs' discharge was that they provided truthful testimony when noticed for a deposition regarding when a member of the cleaning staff suffered a slip and fall injury on the Defendant's premises that resulted in a worker's compensation claim and a premises liability lawsuit; (4) a substantial factor in the Defendant's decision to terminate Plaintiffs was their truthful witness testimony provided as part of a noticed deposition about how and/or why a member of the cleaning staff sustained a work related injury.

24. Plaintiffs exercised a protected statutory right and/or complied with clear public policy when they provided truthful testimony of the work related injury of injured party Ms. Rodriguez-Lopez after being noticed to a deposition by the injured party's counsel and being produced as employee witnesses by the Defendant.

25. There is a clear public policy interest in an employee providing honest testimony about what he/she observed and/or has personal knowledge about the circumstances of a work related injury on the Defendant's premises without fear of being terminated for providing said testimony.

26. The Defendant's actions of terminating Plaintiffs following their truthful testimony about witnessing the events surrounding a work related accident, if permitted, would have a chilling effect on the Tennessee Workers Compensation Act as the fear of being discharged would discourage employees from filing claims and/or providing

testimony or corroboration of a work related claim that would help support other employees injured on the job.

27. An employee should not be discharged for witnessing events surrounding a work related injury and following a lawful request for testimony about those events.

28. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

29. Contrary to public policy and the common law of the State of Tennessee, the Defendant Trinity terminated Plaintiffs' employment in retaliation for their providing honest and accurate testimony about events surrounding a work related injury, during a deposition that the Defendant required them to attend.

30. Plaintiffs submit that they were terminated in retaliation for engaging in protected activities. Plaintiffs assert that the Defendant retaliated against them in violation of Tennessee Code Annotated § 50-6-101, et. seq. and common law.

31. At all pertinent times, the Defendant violated Tennessee Code Annotated § 50-6-101, et. seq, and Plaintiffs further assert a claim for common law retaliatory discharge and submit that (1) an employment at will relationship existed; (2) the employees, Plaintiffs, were discharged on or about August 29, 2014; (3) the reason for the discharge was that the Plaintiffs provided testimony which was unfavorable to the Defendant; and (4) a substantial factor in the Defendant employers' decision to terminate the Plaintiffs were the Plaintiffs' exercise of protected rights or compliance with clear public policy.

32. Contrary to public policy and the common law of the State of Tennessee, as well as in violation of the Tennessee Workers Compensation Act, T.C.A. § 50-6-101 et. seq., the Defendant terminated the Plaintiffs' employment in retaliation for their exercise of rights.

33. The Plaintiffs aver that the supervisors and management were the purveyors of the aforementioned acts of inappropriate conduct and retaliation.

34. The Plaintiffs assert that there is a causal connection between the Defendant's retaliatory termination and the Plaintiffs' engagement in protected activity in violation of Tennessee Code Annotated § 50-6-101, et. al., and common law.

## II. RETALIATORY DISCHARGE

34. Plaintiffs restates and incorporates herein the allegations in paragraphs 1-34 above.

35. At all times pertinent to this action, Plaintiffs were "employees" within the meaning of common law.

36. At all times pertinent to this action, the Defendant was an "employer" within the meaning of common law.

37. It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state law without fear of reprisal or penalty from an employer.

38. Plaintiffs submits that (1) they had an employment-at-will relationship with the Defendant Trinity; (2) Plaintiffs were discharged on or about August 29, 2013; (3) the reason for Plaintiffs' discharge was that the employees provided truthful testimony when noticed for a deposition regarding when a member of the cleaning staff

suffered a slip and fall injury on the Defendant's premises that resulted in a worker's compensation claim and a premises liability lawsuit; (4) a substantial factor in the Defendant's decision to terminate Plaintiffs was their truthful witness testimony provided as part of a noticed deposition.

39. Plaintiffs exercised a protected statutory and/or constitutional right and/or complied with clear public policy when they provided truthful testimony about unsage premises after being noticed to a deposition by the injured party's counsel and being produced as an employee witness by the Defendant.

40. There is a clear public policy interest in an employee providing honest testimony about what he/she observed or has personal knowledge about the circumstances of an accident/injury that occurs on the employer's premises without fear of being terminated for providing said testimony. The employees testimony includes facts and/or observations that revealed working conditions that posed a severe harm in violation of Tennessee Code Annotated § 51-3-106.

41. The Defendant's actions of terminating Plaintiffs following their truthful testimony have a deleterious effect on other employee's exercise of a statutory or public policy right.

42. Contrary to public policy and the common law of the State of Tennessee, the Defendants terminated Plaintiffs' employment in retaliation for providing honest and accurate testimony, which was not favorable to the Defendant during a deposition that the Defendants required them to attend.

43. Plaintiffs submit that they were terminated in retaliation for engaging in protected activities. Plaintiffs assert that the Defendant retaliated against them in violation of common law retaliatory discharge.

44. The Plaintiffs aver that the supervisors and management were the purveyors of the aforementioned acts of inappropriate conduct and retaliation.

45. The Plaintiffs assert that there is a causal connection between the Defendant's retaliatory termination and the Plaintiffs' engagement in protected activity in violation of common law.

### III. TENNESSEE PUBLIC PROTECTION ACT

46. Plaintiffs restates and incorporates herein the allegations in paragraphs 1-45 above.

47. At all times pertinent to this action, Plaintiffs were "employees" within the meaning of Tennessee Code Annotated § 50-1-304.

48. At all times pertinent to this action, the Defendant was an "employer" within the meaning of Tennessee Code Annotated § 50-1-304.

49. Contrary to public policy and the common law of the State of Tennessee, and in violation of Tennessee Code Annotated § 50-1-304, the Defendant terminated Plaintiffs' employment in retaliation for providing honest and accurate testimony about facts regarding an injury which occurred on the Defendant's premises which potentially exposed the Defendant to legal liability and damages and/or revealed working conditions that posed a serious harm in violation of Tennessee Code Annotated § 50-1-304, during a deposition which the Defendant required them to attend.

50. Plaintiffs submit that they were terminated in retaliation for engaging in protected activities. Plaintiffs assert that the Defendant retaliated against them in violation of Tennessee Code Annotated § 50-1-304.

52. At all pertinent times, the Defendant violated Tennessee Code Annotated § 50-1-304, as (1) the Plaintiffs were an employee of the Defendant; (2) the Plaintiffs provided testimony under oath during a noticed deposition which qualifies as a protected activity, said testimony was not favorable to the Defendant, but was truthful and disclosed information about how the Defendant maintained the premises and an injury on the Defendant's premises; (3) the Defendant Trinity terminated the Plaintiffs' employment and (4) the Defendant terminated the Plaintiffs' employment solely because of the Plaintiffs' testimony given under oath during deposition on July 28, 2014.

53. In violation of the Tennessee Public Protection Act, T.C.A. § 50-1-304, the Defendants terminated the Plaintiffs' employment in retaliation for their exercise of rights when they provided required testimony about potential illegal practices in the lawsuit filed by a housekeeper injured on the Defendant's premises.

54. The termination of the Plaintiffs was in direct retaliation for providing unfavorable testimony under oath during a deposition. The wrongful, retaliatory termination of the Plaintiffs was intended to and had the effect of stifling the Plaintiffs and possibly other employees from exercising protected rights.

55. The Plaintiffs aver that the supervisors and management were the purveyors of the aforementioned acts of inappropriate conduct and retaliation.

56. The Plaintiffs assert that there is a causal connection between the Defendant's retaliatory termination and the Plaintiffs' engagement in protected activity in

violation of Tennessee Code Annotated § 50-1-304, Tennessee Code Annotated §50-3-106 and/or Tennessee Code Annotated § 50-6-101, et al.

## APPLICABLE TO ALL COUNTS

57. At all relevant dates and times as forth herein, the Defendant is vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the retaliatory and discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiffs' supervisors regarding appropriate behavior towards employees who report and/or refuse to participate in illegal and/or inappropriate activities; (c) the Defendant did not properly train the Plaintiffs' supervisors regarding the Defendant's policies towards a workplace free of retaliation and discrimination; and (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report illegal and/or inappropriate behavior and retaliation occurring within the Defendant's workplace.

58. The Plaintiffs' managers and supervisors retaliated and discriminated against Plaintiffs as a result of their engaging in protected activities, even though they were performing all their job duties and following state procedures and requirements. The management teams' actions show that the Defendant had not properly trained the managers and supervisors or provided proper instruction regarding the handling and processing of reports of illegal and/or inappropriate behavior.

59. As a result, Plaintiffs have been damaged and are entitled to recover damages.

60. As a result of the Defendant's culpable acts or omissions as set forth herein, the Plaintiffs were improperly discriminated against, retaliated against and terminated by the Defendant and is entitled to compensation for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, consequential damages, punitive damages, attorneys fees, costs, interest, other nonpecuniary losses and any other legal or equitable relief.

61. Plaintiffs have retained Michael Ponce & Associates to represent them in this action and have agreed to pay the firm a reasonable attorney's fee for its services.

62. Plaintiffs further submit that the Defendant has acted: (a) intentionally, (b) maliciously, or (c) recklessly in terminating the Plaintiffs and that the Plaintiffs are entitled to an award of punitive damages.

**WHEREFORE PLAINTIFFS PRAYS:**

a) That service of process be issued to the Defendant as set forth herein;

b) That a jury of twelve (12) be empanelled to try this action;

c) The Plaintiffs be awarded compensatory damages in an amount to be determined by a jury;

d) The Plaintiffs be awarded punitive damages in an amount to be determined by a jury;

e) that the Court award the Plaintiffs attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

f) That the costs of this action be taxed against the Defendant for which execution may issue; and

g)   For general relief.

Respectfully submitted,

MICHAEL D. PONCE & ASSOCIATES

*Nina Parsley*
Nina H. Parsley [BPR No. 23818]
1000 Jackson Road, Suite 225
Goodlettsville, TN 37072
Attorney for Plaintiffs
615-851-1776
615-859-7033 Facsimile
nina@poncelaw.com

# CIRCUIT COURT SUMMONS

**GALLATIN, TENNESSEE**

## STATE OF TENNESSEE
## SUMNER COUNTY
## 18TH JUDICIAL DISTRICT

☒ First
☐ Alias
☐ Pluries

**COPY**

**TAMMY BARATI and DUANE HAYWARD**

CIVIL ACTION
DOCKET NO. 83CC1-2015-CV-762

Plaintiff

Vs.

**TRINITY CHRISTIAN CENTER OF SANTA ANA, INC. d/b/a TRINITY BROADCASTING NETWORK, INC.**
Serve Trinity Christian Center of Santa Anna, Inc. d/b/a Trinity Broadcasting Network, Inc. c/o Becky Bustin, Registered Agent for Service of Process

1 Music Village Blvd.

Hendersonville, TN 37075-2724

Defendant

**Method of Service:**

☒ Sumner County Sheriff
☐ Out of County Sheriff
☐ Secretary of State
☐ Certified Mail
☐ Personal Service
☐ Commissioner of Insurance

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, Court House Public Square, P.O. Box 549, Gallatin, TN 37066, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 7/13/2015

ADA FOR ASSISTANCE CALL 615-451-6023

KATHRYN STRONG
Circuit Court Clerk
Sumner County, Tennessee

By: Cheryl Bruce
Deputy Clerk

| ATTORNEY FOR PLAINTIFF | Michael Ponce and Associates |
|---|---|
| or | 1000 Jackson Road, Ste. 225 |
| PLAINTIFF'S ADDRESS | Address<br>Goodlettsville, TN 37072 (615) 851-1776 |

TO THE SHERIFF:

Please execute this summons and make your return hereon as provided by law.

KATHRYN STRONG
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20 ___.

_____
SHERIFF

If you have a disability and require assistance, please contact 615-452-4367.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20_____, I:

[ ] served this summons and complaint/petition on _____
_____ in the following manner:

[ ] failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20_____ I sent; postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the compliant in Docket _____ to the defendant, _____ . On the _____ day of _____ 20_____ , I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____ , 20_____ . Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20_____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

### NOTICE
TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF SUMNER

I, Kathryn Strong, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

KATHRYN STRONG, CLERK

(To be completed only if copy certification required.)

By: _____ D.C.